IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BORROR PROPERTY MANAGEMENT, LLC,** : | |
| : | Case No. 2:19-cv-04375 |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Deavers |
| **ORO KARRIC NORTH, LLC, et al.,** : | |
| : | |
| : | |
| **Defendants.** : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Stay Proceedings and Compel Arbitration. (Doc. 8.) For the reasons set forth below, the Court **DENIES** the Motion [#8].

### II. BACKGROUND

Plaintiff Borror Property Management, LLC initiated this breach of contract action on October 1, 2019 against Defendants Oro Karric North, LLC; Oro Karric South, LLC; Oro Silvertree, LLC; and Oro Springburne, LLC ("Defendants"). (Doc. 1.) Plaintiff had previously entered into agreements with Defendants to manage their apartment complexes. (*Id.*) In return, Plaintiff was to receive a small percentage of the monthly gross receipts stemming from leased apartments within each complex. (*Id.*)

In the summer of 2019, a dispute arose between Plaintiff and Defendants surrounding a renovation and construction agreement. (*Id.*) This resulted in Defendants opting to terminate the property management agreements that it had with Plaintiff. (*Id.*) Defendants reasoned that

1

Plaintiff had breached the property management agreements by committing "intentional and negligent tortious acts." (*Id.*)

The parties' property management agreements contain arbitration provisions. These provisions, in relevant part, read:

> If either party shall notify the other that any matter is to be determined by arbitration, the parties shall first try to resolve any dispute or controversy arising out of this agreement. If there is no resolution within thirty (30) days, then (a) within fifteen (15) calendar days thereafter, each party shall appoint an arbitrator by notice to the other party . . . (c) the arbitrators so appointed shall meet within ten (1) business days and shall, if possible, determine such matter within thirty (30) days . . . and their decision shall be binding and exclusive on the parties[.]

(*See* Doc. 8-1.) Defendants have moved to compel arbitration of this dispute pursuant to the above provisions.

### III. LAW & ANALYSIS

Defendants move, under the arbitration provisions within the parties' property management agreements, to stay this action and to compel arbitration. Plaintiff does not refute that the arbitration provisions encompass the dispute at issue in this case, but nevertheless argues that Defendants waived their right to compel arbitration. This position stems from a letter that Plaintiff received from Defendants on September 24, 2019, suggesting that Defendants were prepared to sue: "With respect to the Karric South Agreement, Karric North Agreement, Springburne Agreement, and Silvertree Agreement, the Oro Entities plan to proceed directly to litigation in either state or federal court, as these agreements do not limit litigation exclusively to arbitration." (*See* Doc. 11-1.) The letter went on to say: "If you prefer arbitration, please let us know by 5:00 p.m. on September 30, 2019. If we do not hear from you by 5:00 p.m. on September 30, 2019, we will view your non-response as an indication that you do not wish to proceed with

2

arbitration." (*Id.*)  Defendants never filed suit, but Plaintiff maintains that this letter operated as a waiver of the arbitration provisions.

The Federal Arbitration Act ("FAA") provides that "arbitration clauses in commercial contracts 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'"  *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 450-51 (6th Cir. 2005) (quoting 9 U.S.C. § 2).  The FAA preempts state law regarding arbitration.  *Rankin v. Ashro, Inc.*, 2015 WL 1879959, at *2 (S.D. Ohio Apr. 23, 2015).  If a plaintiff's cause of action is covered by an arbitration clause, "the court must stay the proceedings until the arbitration process is complete."  *Glazer*, 394 F.3d at 451 (citing 9 U.S.C. § 4).  Before doing so, however, the court must make four threshold determinations:

> [F]irst, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Id.*  Here, there is no dispute that the parties' arbitration provisions cover the state law claims at issue in this case and that the provisions are valid and enforceable.  Plaintiff, however, argues that Defendants waived their right to compel arbitration.

"Although it has been settled that a party can waive its contractual right to arbitration, because of the strong presumption in favor of arbitration, waiver of the right to arbitration is not to be lightly inferred."  *Johnson Assocs. Corp. v. HL Operating Corp.*, 680 F.3d 713, 717 (6th Cir. 2012).  The Sixth Circuit has instructed that a waiver of the right to arbitrate occurs where a party engages in two courses of conduct: "(1) taking actions that are completely inconsistent with any reliance on an arbitration agreement; and (2) delaying its assertion to such an extent that the opposing party incurs actual prejudice."  *Id.*

Here, the Court finds that Defendants waived their right to compel arbitration, having met both prongs of the test set forth in *Johnson*. First, Defendants' September 2019 letter to Plaintiff, where Defendants expressed their intent to file suit against Plaintiff in state or federal court, was an action completely inconsistent with reliance on the arbitration agreements. Indeed, Defendants expressly noted in their letter that they believed their agreements with Plaintiff did not "limit litigation exclusively to arbitration." (*See* Doc. 11-1.) And, the letter invited Plaintiff to waive any right it may have had to compel arbitration. (*See id.*) ("If you prefer arbitration, please let us know by 5:00 p.m. on September 30, 2019. If we do not hear from you by 5:00 p.m. on September 30, 2019, we will view your non-response as an indication that you do not wish to proceed with arbitration.") It would be unfair to permit Defendants to turn around and -- because they lost the race to the courthouse -- now invoke the arbitration provisions. Second, the Court finds that Plaintiff would be prejudiced by having to resolve this case through arbitration after being induced not only to waive its own right to compel arbitration, but also to initiate legal proceedings of its own in response to Defendants' threat of litigation. Accordingly, the Court **DENIES** Defendants' Motion.

### IV. CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendants' Motion to Stay this Case and to Compel Arbitration [#8].

**IT IS SO ORDERED.**

  /s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: January 29, 2020**