**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **BORROR PROPERTY MANAGEMENT, LLC,** : | |
| : | Case No. 2:19-cv-04375 |
| **Plaintiff,** : | |
| : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | Chief Magistrate Judge Elizabeth P. Deavers |
| **ORO KARRIC NORTH, LLC, et al.,** : | |
| : | |
| **Defendants.** : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendants Oro Karric North, LLC, Oro Karric South, LLC, Oro Silvertree, LLC, and Oro Springburne, LLC's Motion to Stay Proceedings Pending Appeal. Doc. 26. For the reasons set forth below, the Court **GRANTS** the Motion [#26].

**II. BACKGROUND**

Plaintiff Borror Property Management, LLC filed this breach-of-contract action against Defendants on October 1, 2019. *See* Doc. 1. On October 30, 2019, Defendants filed a Motion to Stay Proceedings and to Compel Arbitration pursuant to the parties' contractual agreements. Doc. 8. The Court Denied that Motion, finding Defendants had waived their right to compel arbitration by taking an action that was completely inconsistent with a reliance on the arbitration agreements; namely, expressing their intent to file suit against Plaintiff and inviting Plaintiff to waive its own right to compel arbitration. *See* Doc. 21 at 4. Since then, Defendants have filed an interlocutory appeal of the Court's Opinion and Order. *See* Docs. 25, 27. Defendants now ask the Court to stay these proceedings pending their appeal. *See* Doc. 26.

1

### III. LAW & ANALYSIS

The Federal Arbitration Act, codified at 9 U.S.C. § 1 et seq., provides a statutory right to an interlocutory appeal of an order denying a request to stay proceedings and compel arbitration. *See* 9 U.S.C. § 16(a)(1)(A) ("An appeal may be taken from an order refusing a stay of any action under section 3 of this title."); *see also Simon v. Pfizer*, 398 F.3d 765, 771-72 (6th Cir. 2005) ("[B]ecause Pfizer appeals, in part on the District Court's refusal to enforce, through dismissal or stay, an agreement to arbitrate, this Court has independent jurisdiction over that question under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16, and Rule 4 of the Federal Rules of Appellate Procedure."). While the Sixth Circuit has not squarely addressed the issue, the majority of circuit courts, and district courts within this circuit, have held that an interlocutory appeal under 9 U.S.C. § 16 divests the lower court of jurisdiction over the matter, so long as the appeal is not frivolous. *See, e.g.*, *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 505 (7th Cir. 1997) ("Whether the case should be litigated in the district court is not an issue collateral to the question presented by an appeal under § 16(a)(1)(A), however; it is the mirror image of the question presented on appeal."); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1253 (11th Cir. 2004) ("When a litigant files a motion to stay litigation in the district court pending an appeal from the denial of a motion to compel arbitration, the district court should stay the litigation so long as the appeal is non-frivolous."); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160 (10th Cir. 2005) ("[W]e are persuaded by the reasoning of the latter circuits that upon the filing of a non-frivolous § 16(a) appeal, the district court is divested of jurisdiction until the appeal is resolved on the merits."); *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 264 (4th Cir. 2011) ("The core subject of an arbitrability appeal is the challenged continuation of proceedings before the district court on the underlying claims. Therefore, because the district court lacks jurisdiction over

those aspects of the case involved in the appeal, it must necessarily lack jurisdiction over the continuation of any proceedings relating to the claims at issue."); *Shy v. Navistar Int'l Corp.*, 2014 WL 1818907, at *5 (S.D. Ohio My 7, 2014) (holding an appeal under 9 U.S.C. § 16(a) divests the court of jurisdiction); *Rogers v. SWEPI LP*, 2018 WL 1663294, at *2 (S.D. Ohio Apr. 6, 2018) ("Judges of this court have uniformly held that an appeal under § 16 divest the district court of jurisdiction."). The rationale behind this approach is that the underlying claims before the district court are not collateral to the issue presented on appeal, as the very purpose of the appeal is to determine whether the case should proceed on the merits.

The minority of courts that have strayed from the dominant approach have done so on the basis that the underlying legal merits of a case are not directly implicated by an arbitrability appeal. Further, these courts have been concerned about defendants stalling trial by filing frivolous motions to compel arbitration. *See, e.g., Britton v. Co-Op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990) ("Since the issue of arbitrability was the only substantive issue presented in this appeal, the district court was not divested of jurisdiction to proceed with the case on the merits. The rule urged by Liebling would allow a defendant to stall a trial by bringing a frivolous motion to compel arbitration."); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 54 (2d Cir. 2004) ("We . . . adopt the Ninth Circuit's position that further district court proceedings in a case are not 'involved in' the appeal of an order refusing arbitration, and that a district court therefore has jurisdiction to proceed with a case absent a stay from this Court."); *Weingarten Realty Investors v. Miller*, 661 F.3d 904, 909 (5th Cir. 2011) ("An appeal of a denial of a motion to compel arbitration does not involve the merits of the claims pending in the district court."); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, at 20-21 ("Although the Hospital will have to litigate the

3

arbitrability issue in federal court rather than state court, that dispute is easily severable from the merits of the underlying disputes.").

Here, the Court agrees with the majority approach and finds that Defendants' interlocutory appeal divests the Court of jurisdiction over this case. Indeed, were the Court to proceed, only to have the Sixth Circuit decide that Defendants did not waive their right to compel arbitration, this would undo any rulings that the Court would make in the interim, including rulings on the merits of Plaintiff's claims. As such, the issue of the arbitrability of the parties' dispute is wholly interconnected with the merits of this case.

But even if the Court did retain jurisdiction over this case, the Court has the discretionary authority to enter a stay pending appeal, regardless of whether one is mandated. *See Miller*, 661 F.3d at 910 ("Even given, as we have decided, that there is no automatic stay, the district court had the discretion to grant one."); *AtriCure, Inc. v. Jian Meng*, 2019 WL 5695854, at *2 (S.D. Ohio Nov. 4, 2019) ("[T]his Court retains discretion to determine, on a case-by-case basis, whether the proceedings in this action should be stayed pending the appeal."). To determine whether a discretionary stay is warranted, the Court considers four factors: (1) whether the stay applicant has made a strong showing on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceedings; and (4) whether public interest favors a stay. *AtriCure, Inc.*, 2019 WL 5695854, at *2. "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Id.* (quoting *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

Here, the balance of factors weigh in favor of granting a stay. First, a reasonable jurist could disagree with the Court's conclusion that Defendants waived their right to compel

4

arbitration.  *See Johnson Assocs. Corp. v. HL Operating Corp.*, 680 F.3d 713, 717 (6th Cir. 2012) ("Although it has been settled that a party can waive its contractual right to arbitration because of the strong presumption in favor of arbitration, waiver of the right to arbitration is not to be lightly inferred.").  This issue turns purely on a question of fact; namely, whether Defendants, by expressing their intent to file suit against Plaintiff and inviting Plaintiff to waive its own right to compel arbitration, took actions that were inconsistent with a reliance on the arbitration agreements.  It is, therefore, at least plausible that another court would assign different weight to Defendants' pre-litigation gamesmanship.  *See Aironet Wireless Comms., Inc. v. Grimm*, 2000 WL 1706388, at *2 (Ohio Ct. App. Nov. 15, 2000) ("[T]he mere threat of litigation does not equal a waiver of arbitration.").

Second, while monetary expenses incurred during litigation are normally not considered irreparable, some courts have found the circumstances presented here to be unique given that the purpose of appealing the denial of the Motion to Compel Arbitration is to avoid the expense of litigation altogether.  *See, e.g., C.B.S. Employees Fed. Credit Un. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 716 F. Supp. 307, 310 (W.D. Tenn. 1989) ("The main purpose for defendants' appeal is to avoid the expense of litigation.  If defendants are forced to incur the expense of litigation before their appeal is heard, the appeal will be moot, and their right to appeal would be meaningless."); *Echevarria v. Aerotek, Inc.*, 2019 WL 3207812, at *3 (N.D. Cal. July 16, 2019) ("Generally, monetary expenses incurred in litigation are not considered irreparable harm.  However, [i]f a party must undergo the expense of trial before being able to appeal denial of a motion to compel arbitration, the anticipated advantages of arbitration – speed and economy – are lost.") (internal quotations and citations omitted).  This Court agrees.

5

Third, issuing a stay would not substantially injure Plaintiff or other parties interested in the proceedings. Although Plaintiff argues that a stay would prolong its wait to vindicate its rights, the looming prospect of litigating this case to the finish line, only to have the Sixth Circuit hit the restart button, would be equally as damaging.

Finally, the public interest strongly favors a stay. Indeed, because Defendants have a statutory right to appeal, "the resources of the Court and the parties would be best expended in one proceeding that encompasses the entirety of the claims asserted." *See JPD, Inc. v. Chronimed Holdings, Inc.*, 2007 WL 4287860, at *2 (S.D. Ohio Dec. 5, 2007). Accordingly, the Court **GRANTS** Defendants' Motion to Stay these Proceedings.

## V. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendants' Motion to Stay Proceedings Pending Appeal [#26]. This matter is hereby **STAYED** pending further Order of the Court. The parties are **ORDERED** to file a status update with the Court once the Sixth Circuit resolves the appeal.

**IT IS SO ORDERED.**

                              **ALGENON L. MARBLEY**
                              **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: June 16, 2020**